BOARD OF COMMISSIONERS OF LAKE COUNTY ET AL. *v.* WOODWARD ET AL.

[No. 14,671. Filed March 18, 1935. Rehearing denied June 5, 1935. Transfer denied November 21, 1935.]

*Bertram C. Jenkins, Wildermuth & Force, Sheehan & Lyddick* and *Emmet M. White,* for appellants.

*Joseph E. Brown, G. E. Hershman* and *Ray C. Hedman,* for appellees.

DUDINE, P. J.—On January 4, 1932, the board of commissioners of Lake county, by an order entered of record, charged appellee Bradford D. Woodward, the county highway superintendent of Lake county, with being guilty of "gross neglect of his duties as such officer," and with being "incompetent." Said order set forth eight specifications of "malfeasance and neglect of duties," and fixed January 12, 1932, as the date of hearing said charges.

On January 8, 1932, appellee John Baessler, a citizen and resident of Lake county, filed in the office of the auditor of said county verified charges against appellee Woodward, which charges consisted of the specific acts alleged in the specifications contained in said charges of the board of commissioners. On January 11, 1932, the board of commissioners "adopted" said charges "as separate and several charges," and ordered that said separate and several charges be entered of record, and that appellee Woodward "be tried by and before the board of commissioners on each of said separate and several charges" on January 12, 1932.

On the date fixed for the hearing, appellee Woodward appeared in person and by counsel, and filed an an-

swer in general denial to said charges, whereupon evidence was heard, and the board found against appellee Woodward, that said charges were true, ordered his removal from said office, and declared said office to be vacant.

On January 18, 1932, appellee Woodward filed with the auditor of said county an appeal bond "in the matter of an appeal to the Lake Circuit Court" from said "judgment" of the board of commissioners, which bond was approved by said auditor.

Appellee Woodward filed a duly certified transcript of said proceedings in the Lake Circuit Court on the 21st day of January, 1932.

The board of commissioners filed a motion to dismiss the appeal alleging that "no right of appeal lies from the order aforesaid removing and discharging him (appellee Woodward) from the office of county highway superintendent, and that the Lake Circuit Court does not have jurisdiction to review said proceeding had by and before the board of commissioners."

The court overruled said motion to dismiss the appeal to the circuit court of Lake county, to which ruling the board of commissioners excepted.

Thereupon the cause was submitted to the Lake Circuit Court for trial without a jury and the court found for appellee Woodward that said order of the board of commissioners, ordering appellee Woodward's removal from said office, was wrongful and that appellee Woodward should be restored to said office, and the court rendered judgment accordingly.

The board of commissioners filed a motion for new trial which was overruled, whereupon this appeal was perfected, the errors assigned and relied upon for reversal being alleged error in overruling said motion to dismiss the appeal from said "judgment" of the board

of commissioners to the Lake Circuit Court, and alleged error in overruling said motion for new trial.

With reference to said first assigned error, we deem it sufficient to say that the legal question presented under it is simply the question of whether or not ██ on the date of this purported appeal there was a right of appeal to the circuit court from a determination of the board of county commissioners, to remove a county highway superintendent from such office, the board having had a hearing on the matter. That question was answered in the affirmative by our Supreme Court in *Hastings* v. *Board of Com'rs. of Monroe County* (1933), 206 Ind. 687, 188 N. E. 207.

In oral argument appellant's counsel contended that the case of *Hastings* v. *Board of Commissioners of Monroe County, supra,* was distinguishable from the instant case because in that case the original charges against the county highway superintendent was filed by a citizen and resident of Monroe county, while in the instant case the original charges were presented by the board of commissioners themselves. The reasoning of our Supreme Court in *Hastings* v. *Board of Com'rs of Monroe County, supra,* does not warrant such distinction. In that case the decision of the ultimate question is based upon the holding that the act of removing the county highway superintendent was a judicial act and not an administrative act. It does not hold nor suggest that the question of whether a decision of a board of county commissioners is a judicial act or administrative act is dependent to any extent upon the question whether or not the board of commissioners instituted the proceedings which resulted in such determination. We have read the dissenting opinion in that case and consider it a well reasoned opinion, but this court is bound by the majority opinion regardless of the merits of the dissenting opinion. Therefore, upon authority of *Hastings*

v. *Board of Com'rs. of Monroe County, supra,* we hold that the trial court did not err in overruling appellants' motion to dismiss the appeal from the judgment of the board of commissioners.

We deem it expedient to note that the office of county highway superintendent was abolished by Chapter 19, Acts of 1933 (p. 87) ; that Sec. 8506, Burns 1926, which was discussed in *Hastings v. Board of Com'rs. of Monroe County, supra,* was repealed by said act; and that the office of "Supervisor of County Highways" was created by Chapter 27, Acts of 1933 (p. 139).

The causes for new trial assigned in the motion therefor and discussed in appellant's brief are: (1) The decision is not sustained by sufficient evidence; (2) error in excluding a certain exhibit as evidence; (3) error in excluding certain oral testimony.

With reference to appellant's contention that the decision is not sustained by sufficient evidence, we deem it sufficient to say that appellant's brief does not contain a condensed recital of the evidence as is required by the rules of this court. An examination of the record and appellant's brief shows that appellant has failed to include in its brief a condensed recital of the evidence of fifteen or more witnesses who testified. Appellant's brief does not purport to contain a condensed recital of all the evidence. In that respect it purports to contain only a "condensed recital *of that portion of the evidence upon which trial court based decision*" (our italics). Quoting from appellant's brief.

Appellant's brief not containing a condensed recital of the evidence as is required by the rules of this court (Rule 21, cl. 5), the question of the sufficiency of the evidence to sustain the decision is not presented.

The exhibit which was offered in evidence by appellant, and is referred to in said second alleged cause for

new trial, was a written lease of certain real estate, with which lease the parties to this cause had no connection. Appellant's original brief does not, under "Points and Authorities," give any reason why the exclusion of said exhibit was erroneous, and therefore we hold that appellant has not presented any question as to said alleged cause for new trial.

The oral testimony which was offered by appellant, excluded by the court, and the exclusion of which is complained of under said third cause for new trial, was testimony of one of the commissioners showing incompetence of appellee Woodward, and neglect of his duty as county highway superintendent in ways and manners not specifically alleged in said charges. Appellant's original brief, under points and authorities, does assert that the court erred in excluding said testimony, but does not support such contention with any authorities or reasoning.

No reversible error having been shown, the judgment is affirmed.

Curtis, J., not participating.

Kime, J., dissents. I dissent for the reasons stated in the dissenting opinion in *Hastings* v. *Board, supra,* being of the opinion that this should be the law despite the prevailing view to the contrary.