LARRY H. PALLIKAN *v.* MARTIN H. MARK.

[No. 1-774A115. Filed February 10, 1975. Rehearing denied March 24, 1975. Transfer denied November 5, 1975.]

*John F. Townsend, Jr., J. Barton Stuart, Townsend, Hovde & Townsend,* of Indianapolis, for appellant.

*Alvin E. Meyer, Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, for appellee.

LOWDERMILK, J.—Plaintiff-appellant Pallikan filed his amended complaint in this action on July 31, 1972. The

amended complaint alleges, in substance, that Pallikan was a fireman employed by the City of Indianapolis and was injured while on duty in attempting to fight a fire on the property of defendant-appellee, Mark, by stepping into a large hole on Mark's property which had been covered by grass and weeds.

Mark filed his motion for summary judgment which was sustained by the court on February 7, 1974.

The only issue presented on appeal is whether the trial court properly granted Mark's motion for summary judgment. We are guided here by Ind. Rules of Procedure, Trial Rule 56(c), which states in pertinent part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Bush* v. *Smith* (1972), 154 Ind. App. 382, 289 N.E.2d 800; *Tapp* v. *Haskins* (1974), 160 Ind. App. 117, 310 N.E.2d 288.

In deciding this issue, it is necessary to determine what, if any, duty was owed by Mark to Pallikan, and whether the amended complaint was sufficient to allege a breach of such duty. If there is no duty, or if the facts alleged did not constitute a breach of the duty found owing, the action of the trial court was correct.

Pallikan contends that the duty owed by a landowner to a fireman who enters the property to fight a fire is one of reasonable care that the premises are safe for passage. In terms of traditional classifications, Pallikan would classify all firemen as "invitees." We are urged to adopt the case of *Dini* v. *Naiditch* (1960), 20 Ill. 2d 406, 170 N.E.2d 881. In *Dini*, the Illinois court questioned past decisions, and ultimately classified firemen as invitees. Pallikan supports his contention with decisions from several other jurisdictions.

In the case at bar, however, we are compelled to uphold the landmark Indiana decision on this precise issue, namely,

*Woodruff, Adm.* v. *Bowen* (1893), 136 Ind. 431, 34 N.E. 1113. In *Woodruff, Adm., supra,* our Supreme Court considered this identical issue, and, after discussing prior law, concluded that a fireman entering another's property was a licensee by permission of law, and as such was entitled to the same duty owed other "mere licensees."

As stated in *Woodruff,* the duty owed a licensee is:

". . . that of abstaining from any positive wrongful act which may result in his injury, and that the licensee takes all risks as to the safe condition of the premises upon which he enters." (136 Ind. at p. 442)

In the case at bar, there is no allegation that Mark took positive action to injure Pallikan. Although a duty did exist, Pallikan failed to allege acts which amounted to a breach of said duty. In our opinion there was, as a matter of law, no issue of material fact to be decided, and the action of the trial court was correct.

We recognize that *Woodruff* was written many years ago. However, as is stated in Indiana Law Encyclopedia, Courts, § 62,

". . . While a court should not change a long-recognized rule of law except for urgent reasons and upon a clear manifestation of error, it is said that it is a court's duty to overrule a decision or series of decisions, if they are clearly incorrect and no injurious consequences would result. . . ."

We are not convinced that *Woodruff* is clearly incorrect, or that other urgent reasons compel us to overrule. While we are unable to find a case in which the exact issue presented here has been considered, we find several related cases have left the classifications and duties set out in *Woodruff* essentially unchanged. *Brown* v. *Kujawa* (1968), 142 Ind. App. 310, 234 N.E.2d 509; *Lingenfelter* v. *Baltimore etc. R. Co.* (1900), 154 Ind. 49, 55 N.E. 1021; *Ft. Wayne National Bank* v. *Doctor* (1971), 149 Ind. App. 365, 272 N.E.2d 876, and cases cited. Further, our Legislature has not seen fit to alter the existing law. *Woodruff* stands as controlling precedent

in the case before us, and this court is bound thereby. *In re Petition to Transfer Appeals* (1931), 202 Ind. 365, 174 N.E. 812; *Board of Comm'rs of Lake County* v. *Woodward* (1935), 101 Ind. App. 142, 194 N.E. 735; *Prudential Ins. Co. of America* v. *Smith* (1952), 231 Ind. 403, 108 N.E.2d 61; *State ex rel. Department of Financial Institutions of Indiana* v. *Sonntag* (1935), 101 Ind. App. 557, 195 N.E. 601; *Miller* v. *Sparks* (1963), 136 Ind. App. 148, 189 N.E.2d 720; *Washington* v. *Chrysler Corporation* (1964), 137 Ind. App. 482, 200 N.E.2d 883; *Ware* v. *State* (1972), 152 Ind. App. 582, 284 N.E.2d 543; *Trove* v. *Marker* (1969), 145 Ind. App. 111, 249 N.E.2d 512; *Genda, Admr. etc., et al.* v. *Hall* (1959), 129 Ind. App. 643, 652, 151 N.E.2d 527.

Judgment affirmed.

Robertson, C.J. and Hoffman, J. concur.