**Gerald GENTRY, Appellant (Plaintiff Below),**

v.

**David Michael HOCKETT and Chester Goins, Individually, and David Michael Hockett and Auto Dealers Exchange, Appellees (Defendants Below).**

No. 49A04–8604–CV–100.

Court of Appeals of Indiana, Fourth District.

Oct. 16, 1986.

Rehearing Denied Dec. 23, 1986.

John F. Townsend, Jr., Townsend, Hovde & Montross, Indianapolis, for appellant.

James A. Goodin, Goodin & Kraege, Indianapolis, for appellees.

YOUNG, Judge.

Gerald Gentry appeals a grant of summary judgment in favor of Auto Dealers Exchange and its owners. The only issue presented for review is whether a private employer of an off-duty police officer is vicariously liable for acts committed by the officer in his attempt to apprehend individuals he believed had stolen a car from the employer's premises. We affirm.

Summary judgment is proper if there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Rules of Procedure, Trial Rule 56(C); *Lambert v. Stark* (1985), Ind.App., 484 N.E.2d 630. In this case, there is no issue as to any material fact, and the defendants were entitled to judgment as a matter of law.

Fred Hartle, an Indianapolis police officer and commander of the department's auto theft detail, was hired as a part-time employee of Auto Dealers Exchange. Hartle's job was to make sure that the numbers on the purchase receipts matched the serial numbers of the vehicles leaving the auction. While performing these duties one evening, Hartle heard someone yell, "They're stealing my car." As Hartle looked up, he saw a Corvette crash through the company's gate. Hartle, who was in plain clothes, jumped into his unmarked police car and began pursuing the Corvette. Hartle, having difficulty keeping up with the Corvette as it reached speeds of seven-

ty-five and eighty miles an hour, called the police dispatcher for assistance. He also turned on his red lights and siren. About a mile or two later, the Corvette ran a red light and struck Gentry's vehicle. The drivers of other vehicles, apparently hearing Hartle's siren, had not proceeded into the intersection. Gentry sustained serious injuries due to the collision.

Gentry claims that Auto Dealers Exchange is vicariously liable for Hartle's actions as Hartle was an agent of the Exchange at the time the collision occurred. We disagree. "[I]t is the nature of the acts performed and not whether the officer was on or off duty, in or out of uniform, which determines whether the officer is acting in his official capacity." *Tapp v. State* (1980), Ind.App., 406 N.E.2d 296, 302. Hartle's duties at Auto Dealers Exchange were limited to matching serial numbers on receipts with those of exiting vehicles. While Hartle never discussed the company's policy in this type of situation, Hartle had informed the owner that he did not care what company policy was if he saw a felony being committed. Under police regulations, Hartle was required to be armed twenty-four hours a day and attempt to prevent the commission of any felony. When Hartle jumped into his police car and began pursuing the Corvette, he was attempting to arrest individuals he had reason to believe had committed a felony.

When a police officer makes an arrest, he is using the power conferred by the state, not by his private employer. A private employer has no right to interfere with this power. The employer does not 'rent' the state's police power when it employs an off-duty officer.

*Sports, Inc. v. Gilbert* (1982), Ind.App., 431 N.E.2d 534, 539.

Under this set of facts, it is clear, as a matter of law, that Hartle was within the scope of his public rather than private employment when the collision occurred. Auto Dealers Exchange was therefore not liable for any alleged acts of negligence on Hartle's part. No issue of material fact existed and Auto Dealers Exchange and its owners were entitled to judgment as a matter of law. The trial court's grant of summary judgment was therefore proper.

Affirmed.

CONOVER, P.J., and MILLER, J., concur.