**Christopher J. KOOP, Appellant (Plaintiff Below),**

v.

**Jacob BAILEY, Margaret Bailey, John Baxle a/k/a John Bailey, and City of Fort Wayne, Appellees (Defendants Below).**

No. 57A03–8605–CV–134.

Court of Appeals of Indiana, Third District.

Dec. 29, 1986.

J. Frank Kimbrough, Wilks, Kimbrough, and Myers, Fort Wayne, for appellant.

Alan Verplanck, Thomas J. Markle, Barrett & McNagny, Fort Wayne, for appellees.

STATON, Presiding Judge.

Koop challenges the trial court's granting of a partial summary judgment to defendants, Jacob and Margaret Bailey. The only issue upon appeal is whether the court erred.

We affirm.

Baxle, the son of Jacob and Margaret Bailey, decided to visit his parents who lived in Fort Wayne, Indiana. On the morning of June 27, 1982, Baxle became angry with his father and a heated, verbally abusive confrontation developed. Later, Baxle threatened to kill his father.

Shortly thereafter, the Baileys left their home to visit friends for the day, leaving Baxle there alone. When the Baileys returned that evening, Baxle shot Mr. Bailey with a shotgun that he kept in his bedroom. He then barricaded himself inside the house. Mr. Bailey had firearms and ammunition in the house, but none was used by Baxle.

Fort Wayne City Police were called to the scene. They, in turn, requested that the Allen County Police Department Special Weapons and Tactics (SWAT) team join them there. The SWAT team is a specialized group of police officers trained to handle volatile situations that routine police officers cannot handle. One function of the group is to provide armed intervention when necessary.

Koop, an Allen County police officer, and a graduate of the Indiana Law Enforcement Academy, was a volunteer SWAT team member and had been for approximately a year and a half.

Koop responded to the call, and upon his arrival at the Bailey residence, he was told who Baxle was, was shown a picture of Baxle, and was informed of Baxle's history of mental problems.

Koop waited in the SWAT vehicle for a number of hours until it was determined that negotiations had failed and armed intervention would be necessary. Koop was assigned the duty of determining the location of Baxle inside the house. In attempting to do so, Koop was shot by Baxle.

It was later determined that Baxle had used his own gun to shoot both Mr. Bailey and Koop. Mr. Bailey's deposition states that Baxle did not use his father's ammunition in the shootings.

In reviewing a grant of summary judgment, we take all allegations of the non-moving party's affidavit as true, and we liberally construe depositions, admissions, answers to interrogatories, and testimony in favor of the non-moving party. *Podgorny v. Great Central Ins. Co.* (1974), 160 Ind.App. 244, 311 N.E.2d 640, 648.

Summary judgment then becomes appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Ind. Rules of Procedure, Trial Rule 56(C). The Court must also determine whether the trial court properly applied the law. *Tippecanoe Sanitary Landfill, Inc. v. Bd. of County Commissioners of Tippecanoe County* (1983), Ind.App., 455 N.E.2d 971, 974, *trans. denied.*

To determine whether the trial court erred in granting the Baileys' motion for summary judgment, it is necessary to determine what, if any, duty was owed by the Baileys to Koop, and whether the complaint and the facts before the court were sufficient to allege a breach of such duty. If there is no duty, or if the facts alleged did not constitute a breach of the duty found owing, the action of the trial court was correct.

The Indiana Supreme Court has held that a fireman entering another's property to perform an official duty is a licensee by permission of law, and as such is entitled to the same duty owed other "mere licensees." *Woodruff, Adm. v. Bowen* (1893), 136 Ind. 431, 34 N.E. 1113, 1116, *reh. denied. See also Pallikan v. Mark* (1975), 163 Ind.App. 178, 322 N.E.2d 398, 399, *trans. denied.* This rule also has been applied to a fireman acting in his profes-

sional capacity whose injuries were sustained off-premises. *Koehn v. Devereaux* (1986), Ind.App., 495 N.E.2d 211, 215. In *Koehn*, this Court stated:

> The rule basically provides that professionals, whose occupations by nature expose them to particular risks, may not hold another negligent for creating the situation to which they respond in their professional capacity.

495 N.E.2d 211, 215.

■ Koop's status as a SWAT team member exposed him to many risks of which he was aware when he joined the group. Indeed, the group was formed to deal with volatile situations other police officers could not handle. Here, the SWAT team was called in by police to provide armed intervention when negotiations with Baxle failed. Because SWAT team members are trained to serve precisely this function, Koop responded to the situation in his professional capacity as a police officer. Thus, both elements of the rule are met, and Koop may not hold the Baileys liable for negligence. Therefore, the trial court was correct in its finding that Koop was a licensee.[1]

■ A landowner only owes a licensee the duty of refraining from willfully or wantonly injuring him. *Gaboury v. Ireland Road Grace Brethren, Inc.* (1983),

Ind., 446 N.E.2d 1310, 1314, *reh. denied.*[2] Koop's complaint alleges only that the Baileys "negligently" allowed Baxle access to firearms.[3]

■ Nonetheless, Koop argues that his complaint encompasses not only the theory of negligence, but the theory of willfulness and wantonness as well. However, negligence and willfulness are incompatible terms. Negligence arises from inattention, thoughtlessness, or heedlessness; while willfulness cannot exist without purpose or design, and negligence can never be of such a degree as to become willfulness. *Parker v. Pennsylvania Co.* (1893), 134 Ind. 673, 34 N.E. 504, 506.

Even if Koop were correct in his contention that the complaint raises both theories of recovery, on summary judgment motions, non-moving parties may not merely rely upon the allegations in their complaint, but must come forth with sufficient factual allegations to establish the existence of genuine issues. *Tippecanoe, supra,* 455 N.E.2d 971, 974.

■ Here, there are no facts appearing in the pleadings, the depositions, or the answers to interrogatories which show a purposeful design on the part of the Baileys. Indeed, Baxle shot Koop with his own

---

1. Koop asks this Court to reverse precedent so that on-duty police officers are classified as invitees. However, the Court in *Pallikan, supra* text, 322 N.E.2d 398, declined to re-classify on-duty firemen as invitees because "we are compelled to uphold the landmark Indiana decision on this ... issue, namely, *Woodruff, Adm. v. Bowen* (1893), 136 Ind. 431, 34 N.E. 1113." *Pallikan, supra,* 322 N.E.2d at 399. Such an alteration of clear and longstanding precedent should be left to the State's highest court. *See Bell v. Horton* (1980), Ind.App., 411 N.E.2d 648, 651, *reh. denied.*

2. In *Fort Wayne Nat'l Bank v. Doctor* (1971), 149 Ind. App. 365, 272 N.E.2d 876, *trans. denied,* Judge Buchanan distilled from prior case law three tests for determining whether that duty had been breached:
   (1) The positive wrongful act test, from *Woodruff, Adm., supra* text, 34 N.E. 1113;
   (2) The willful or wanton misconduct test, from *Lingenfelter v. Baltimore, etc., Ry. Co.* (1900), 154 Ind. 49, 55 N.E. 1021; and

(3) The entrapment-affirmative control of the instrument test, from *Pier v. Schultz* (1962), 243 Ind. 200, 182 N.E.2d 255, *reh. denied.*
272 N.E.2d 876, 882. *See also Lowden by Lowden v. Lowden* (1986), Ind. App., 490 N.E.2d 1143, 1144.
The positive wrongful act test has been used in the three Indiana cases involving firemen: *Woodruff, Adm., supra,* 34 N.E. 1113; *Koehn, supra* text, 495 N.E.2d 211; and *Pallikan, supra* text, 322 N.E.2d 398.

3. Koop did not specifically claim that the Baileys were willful and wanton in allowing Baxle access to firearms until he filed his Motion to Correct Errors. However, a party may not raise an issue on a Motion to Correct Errors, or on appeal, that was not raised in the trial court. *Allen v. Scherer* (1983), Ind. App., 452 N.E.2d 1031, 1033, *reh. denied.* This rule also applies to summary judgment proceedings. *Johnson v. Rutoskey* (1984), Ind.App., 472 N.E.2d 620, 623.

gun and ammunition. Therefore, the complaint and the facts before the trial court were insufficient to allege that the Baileys were willful or wanton in allowing Baxle access to firearms. The action of the trial court was correct.

Affirmed.

HOFFMAN and GARRARD, JJ., concur.