**SPORTS BENCH, INC.,**
**Defendant-Appellant,**

v.

**Charles McPHERSON and James Freeman, Plaintiffs-Appellees.**

**No. 30A01–8701–CV–4.**

Court of Appeals of Indiana,
First District.

June 29, 1987.

Rehearing Denied Aug. 17, 1987.

Peter G. Tamulonis, Richard A. Young, John B. Drummy, Donald G. Orzeske, Kightlinger & Gray, Indianapolis, for defendant-appellant.

Steven H. Frank, David L. Taylor, Lawrence, Carter, Gresk, Leerkamp & Walsh, Indianapolis, for plaintiffs-appellees.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Sports Bench, Inc. challenges the trial court's denial of summary judgment by certified interlocutory appeal. We reverse.

## FACTS

The undisputed facts viewed most favorably to the non-moving parties are as follows. Charles McPherson and James Freeman are Deputy Sheriffs and have worked for the Marion County Sheriff's Department for over 14 years. Both are assigned to the narcotics division. On October 5, 1984, McPherson and Freeman were working and were supposed to meet an informant at the Sports Bench, a tavern located in Indianapolis, Indiana. After waiting approximately one-half hour they left. Later that evening, around 11:00 P.M. the men returned to the Sports Bench Tavern. McPherson's shift had ended at 8:00 P.M. and Freeman's at 11:00 P.M. However, they purportedly were at the tavern at that time to observe a parolee.

After ordering drinks, McPherson and Freeman were approached by Loretta Pearson, a waitress. She knew they were police officers and asked if they had their guns with them. After Freeman stated that he was carrying his, she described a fight that occurred earlier in the tavern. Apparently, a man named Robert Pearson had become disruptive and was asked to leave by the bartender Don Sawyer. After leaving, Pearson met the owner of Sports Bench and was asked to return. Shortly after returning, Pearson engaged in a fight with Larry England. During the fight a knife was displayed. Pearson left the bar and stated that he would return with a gun.

After hearing of the fight and Pearson's vow to return with a gun, McPherson and Freeman decided to stay at the tavern. As soon as Pearson returned the waitress went over to McPherson and Freeman's table and said, "there he is, and he has a gun." Pearson was wearing a leather jacket and had his hand in the pocket. As Pearson walked by, McPherson and Freeman jumped him and attempted to disarm him. During the struggle, the gun discharged. The bullet grazed McPherson across the stomach and struck Freeman in the arm. Eventually, McPherson and Freeman disarmed and arrested Pearson.

## ISSUE

Although appellant presents four issues on appeal, the following issue is dispositive:

Whether the "Fireman's Rule" applies to policemen so as to bar plaintiffs' claim and render the trial court's denial of summary judgment improper.

## DISCUSSION AND DECISION

In reviewing the grant or denial of summary judgment we are guided by the same standard as the trial court. *First Savings and Loan Ass'n v. Treaster* (1986), Ind. App., 490 N.E.2d 1149, 1151, *trans. denied.* A motion for summary judgment may be granted only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C); *Koop v. Bailey* (1986), Ind.App., 502 N.E.2d 116, 117; *Treaster*, at 1151. The court must view the facts most favorably to and as set forth by the non-movant. *Koop*, at 117; *Treaster*, at 151.

■ The Fireman's Rule is an exception to the liability imposed on a party

under the rescue doctrine. *Woodruff v. Bowen* (1893), 136 Ind. 431, 34 N.E. 1113; *Koehn v. Devereaux* (1986), Ind.App., 495 N.E.2d 211; *Pallikan v. Mark* (1975), 163 Ind.App. 178, 322 N.E.2d 398, *trans. denied.* As stated in *Koehn:* "The rule basically provides that professionals, whose occupations by nature expose them to particular risks, may not hold another negligent for creating the situation to which they respond in their professional capacity." *Koehn,* at 215. Thus firemen, policemen, and other officers who respond in their professional capacities will be classified as licensees for purposes of landowner liability. *Koop,* at 118; *Koehn,* at 215. The rule also applies to off-premises liability. *Koehn,* at 215. Accordingly, firemen, policemen, and other officers incur the inherent risks of the situation when they act in their professional capacities. *Id.*

■ McPherson and Freeman are deputy sheriffs. As deputy sheriffs they are exposed to many risks. One of the particular risks includes the potential danger of being shot. Therefore, the occupation of deputy sheriff fits within the category of professions that by their nature are subject to particular risks as required for application of the fireman's rule.

■ McPherson and Freeman also were acting within their official/professional capacities as required for application of the fireman's rule. In Indiana, the determination of whether an officer is performing his official/professional duties does not depend upon whether he is on or off duty. *Nieto v. State* (1986), Ind.App., 499 N.E.2d 280; *Gentry v. Hockett* (1986), Ind.App., 498 N.E.2d 405; *Sports, Inc. v. Gilbert* (1982), Ind.App., 431 N.E.2d 534, *trans. denied.* An off-duty officer can be engaged in the performance of his professional duties. *Nieto,* at 282; *McKinley v. State* (1984), Ind.App., 465 N.E.2d 742; *Tapp v. State* (1980), Ind.App., 406 N.E.2d 296. The test is "the nature of the acts performed and not whether the officer is on or off duty, in or out of uniform, which determines whether the officer is engaged in the performance of his official duties." *Tapp,* at 302.

■ In the present case the nature of the acts engaged in by McPherson and Freeman were identical to those acts they engage in as deputy sheriffs. They responded to the information of the potential danger by remaining at the tavern to help prevent a breach of the peace, just as they would have done if on duty. They, also, acted as peace officers by subduing and disarming Pearson and by preventing the armed conflict. Furthermore, McPherson and Freeman placed Pearson under arrest. All of these actions were in the nature of the duties they perform as deputy sheriffs. Therefore, the fireman's rule applies to the present case and bars suit by McPherson and Freeman.

McPherson and Freeman argue that the fireman's rule is inapplicable and that summary judgment is inappropriate, because a material issue of fact exists as to their status at the time of the injuries. They rely on *Koehn,* and argue that since they were off duty they did not respond in their professional capacities but rather as volunteer vigilantes. This argument is without merit, and their reliance on *Koehn* is misplaced.

In *Koehn* a fireman came upon the scene of a power line accident, and attempted to make a rescue. *Koehn,* at 212. However, the fireman sustained electrical injuries himself which resulted in his death. *Id.* The estate of the fireman sued the estate of the person who was being rescued and also the electric company. *Id.* The defendants filed for summary judgment based on the fireman's rule. *Id.* The motion was denied and upheld on appeal, because the fireman's status at the time of the injury was still a material question of fact. *Id.* at 215.

■ Unlike *Koehn,* the question of McPherson and Freeman's status is not a material question of fact. McPherson and Freeman were clearly acting within the scope of their professional duties. While the fireman in *Koehn* was arguably outside the scope of his fire fighting duties, McPherson and Freeman cannot argue that they were not within the scope of their peace keeping duties. The argument that

McPherson and Freeman were mere volunteers is absurd. As stated in *Sports, Inc.*:

> "When a police officer makes an arrest, he is using the power conferred by the state, not by his private employer. A private employer has no right to interfere with this power. The employer does not 'rent' the state's police power when it employs an off-duty officer."

*Sports, Inc.*, at 539. Similarly, for purposes of the fireman's rule, when an off duty officer acts to subdue and arrest a criminal he is acting within his professional capacity. *Nieto*, at 282. As deputy sheriffs, McPherson and Freeman have a right and duty to make arrests when executing their official duties as peace officers. A volunteer private citizen can make an arrest only when a felony has been committed, and there is reasonable grounds to suspect the individual arrested. *Smith v. State* (1972), 258 Ind. 594, 283 N.E.2d 365; Indiana Code section 35–41–3–3(a). Therefore, in the present case, as a matter of law, McPherson and Freeman were acting within their official capacities as deputy sheriffs when the injuries occurred. Accordingly, the fireman's rule applies and Sports Bench is not liable for McPherson's and Freeman's injuries. McPherson and Freeman, as a last resort, argue that the fireman's rule should be abolished. However, the fireman's rule is firmly established in this jurisdiction. *Woodruff; Koehn; Pallikan.* If the rule is to be abolished, that action must come either from the legislature or our supreme court.

The trial court's denial of summary judgment was improper. No issue of material fact exists and Sports Bench is entitled to summary judgment as a matter of law.

Reversed and remanded.

ROBERTSON and MILLER, JJ., concur.