ATTORNEY FOR APPELLANTS
Michael P. Maxwell, Jr.
Indianapolis, Indiana

ATTORNEY FOR APPELLEES
John F. Townsend, III
Indianapolis, Indiana



FILED
Dec 15 2009, 10:49 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S05-0905-CV-214

BABES SHOWCLUB, JABA, INC. AND
JAMES B. ALTMAN,

*Appellants (Defendants below),*

v.

PATRICK LAIR AND LISA LAIR,

*Appellees (Plaintiffs below).*

Appeal from the Marion Superior Court, No. 49D01-0709-CT-040299
The Honorable David Shaheed, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-0805-CV-262

**December 15, 2009**

**Boehm, Justice.**

In this case a police officer responded to a complaint of an unruly patron at a nightclub and was assaulted by the patron. The officer sued the club for negligence in failing to maintain adequate security. We hold that the "fireman's rule" bars recovery by a professional emergency responder for the negligence that created the situation requiring the response.

### Facts and Procedural History

On November 30, 2005, Patrick Lair, an Indianapolis police officer, responded to a report of an unruly customer at Babes Showclub, an adult entertainment business. Lair claims that shortly after he arrived, he was injured in an assault by an underage male who had been consum-

ing alcohol at Babes. Lair sued Babes Showclub and related defendants, (collectively, "Babes")[1] alleging that Babes maintained a nuisance and was negligent in failing to provide adequate security. Lair also alleged that Babes's violation of Dram Shop laws and statutes prohibiting the sale of alcohol to minors caused his injuries. He sought medical expenses, lost income, and compensation for pain, suffering, and mental anguish. His wife, Lisa Lair, sued for lost services and consortium.

Babes filed a motion to dismiss for failure to state a claim on which relief could be granted, citing Indiana's fireman's rule. The trial court denied Babes's motion but certified its order for interlocutory appeal. The Court of Appeals reversed, holding that the fireman's rule precluded any recovery by Lair. Babes Showclub v. Lair, 901 N.E.2d 44, 62 (Ind. Ct. App. 2009). We granted transfer.

## Standard of Review

A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. Charter One Mortgage Corp. v. Condra, 865 N.E.2d 602, 604 (Ind. 2007). Review of a trial court's grant or denial of a motion based on Trial Rule 12(B)(6) is therefore de novo. Id. When reviewing a motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. City of New Haven v. Reichhart, 748 N.E.2d 374, 377 (Ind. 2001). A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. Id. (citing McQueen v. Fayette County Sch. Corp., 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), trans. denied).

## I. The Fireman's Rule

Both Lair and Babes ask us to reconsider aspects of the fireman's rule in Indiana, and both rely on a series of prior Indiana decisions.

---

[1] The scant record in this case does not reveal the relationship between Babes Showclub and the other defendants, except insofar as the appellants' brief describes James Altman as the "owner" of Babes Showclub.

A. *Indiana Precedent*

The fireman's rule was initially established in Indiana in 1893 by this Court's decision in Woodruff v. Bowen, 136 Ind. 431, 34 N.E. 1113 (1893). In that case, a firefighter died fighting a fire in a building in downtown Indianapolis. We held that the property owner had no liability to the firefighter for injuries incurred in responding to a fire caused by the owner's negligence. Id. The owner was aware that structural deficiencies rendered the building unsafe. We held that the owner nevertheless had no liability for the firefighter's death, even if the fire was attributable to the owner's negligence or to violation of a city safety ordinance. The Court looked to common-law premises liability in addressing the general negligence claim and determined that the fire-fighter, as a licensee,[2] was owed only the duty of "abstaining from positive wrongful acts." The Court found that a city ordinance requiring property owners to maintain their premises safely was not enacted to protect firefighters, and for that reason rejected liability based on violation of the ordinance. Id., 136 Ind. at 441–45, 34 N.E. at 1117–18.

Over the ensuing century the "fireman's rule" was upheld and expanded in a number of decisions by the Court of Appeals. Although the results of these cases can be reconciled, the reasons cited did not develop a consistent theory justifying the rule. In Pallikan v. Mark, the court followed Woodruff and upheld the rule, viewing a firefighter as a licensee for the purposes of a premises liability claim and again holding that the property owner owed the firefighter only the duty of refraining from "positive wrongful acts." 163 Ind. App. 178, 180, 322 N.E.2d 398, 399 (1975). The rule was later invoked to deny recovery where the injury did not arise on the defendant's property. Koehn v. Devereaux, 495 N.E.2d 211 (Ind. Ct. App. 1986) (fireman's rule bars recovery by estate of firefighter killed attempting to rescue truck driver from contact with over-head power lines). The rule was also applied to police officers and other professional emergency responders in addition to firefighters. See Koop v. Bailey, 502 N.E.2d 116, 117 (Ind. Ct. App. 1986) (police SWAT team member, shot while responding to a call that a man had barricaded himself inside his parents' home, cannot recover from the parents for negligence in allowing

---

[2] For an explanation of the common-law rules setting out duties owed by a landowner to invitees, licensees, and trespassers, see Burrell v. Meads, 569 N.E.2d 637, 639 (Ind. 1991), stating that a licensee is owed only "the duty to refrain from willfully or wantonly injuring him or acting in a manner to increase his peril" and "to warn the licensee of any latent danger" of which the landowner is aware. See also Yates v. Johnson County Bd. of Comm'rs, 888 N.E.2d 842, 848 (Ind. Ct. App. 2008).

their son access to firearms); Sports Bench, Inc. v. McPherson, 509 N.E.2d 233, 236 (Ind. Ct. App. 1987), trans. denied (off-duty deputy sheriffs who intervened to subdue an armed customer in a bar denied recovery because they were acting in their professional capacity as emergency responders); Kennedy v. Tri-City Comprehensive Comty. Mental Health Ctr., Inc., 590 N.E.2d 140, 145 (Ind. Ct. App. 1992), trans. denied (police officers cannot recover for injuries sustained while responding to a disturbance involving an uncooperative patient at a residential mental health center); Fox v. Hawkins, 594 N.E.2d 493, 498 (Ind. Ct. App. 1992) (deputy sheriff injured while investigating unattended car left in busy intersection could not recover for the car owners' negligence).

This Court last addressed the fireman's rule in Heck v. Robey, where we invoked the exception to the rule that permitted recovery for "positive wrongful acts." 659 N.E.2d 498, 500 (Ind. 1995). We held that a paramedic was not barred from recovering for injuries sustained as a result of acts occurring after the paramedic arrived on the scene. Id. at 505. Robey was a paramedic who responded to a 911 call after Heck drove a truck into a ravine at his worksite. Robey sustained back injuries when Heck, who was intoxicated, became violent as Robey attempted to extricate him from the truck. The fireman's rule did not bar Robey's claim because Heck's actions were separate and apart from his negligent act that brought Robey to the scene. Robey, as a paramedic, was an emergency responder subject to the fireman's rule, but the occupation of the injured plaintiff is not the only relevant factor. Heck's post-wreck acts exposed him to liability despite the plaintiff's status as an emergency responder. Id. at 503-504.

After Heck, Indiana's appellate courts have issued only one published opinion addressing the fireman's rule. In Johnson v. Steffen, 685 N.E.2d 1117 (Ind. Ct. App. 1997), trans. denied, a police officer working security and traffic control during a triathlon was attempting to remove a car stopped in lanes closed off for competing cyclists. The officer was struck by a bicycle ridden by one of the competitors, and sued the cyclist and the event organizers. A divided court held that the fireman's rule did not bar the officer's claims. Id. at 1119. Like the Court of Appeals in the case before us today, both the majority and the dissent in Johnson viewed Heck as limiting the fireman's rule to premises liability cases. They did not agree whether the bicycle competition course constituted premises under the control of the race organizers, and the majority concluded that the fireman's rule did not apply to Johnson's claim against those defendants because the ac-

cident did not occur on their premises. Id. Both the majority and dissenting opinions questioned the continued viability of the fireman's rule, noting the inconsistency in applying the rule to premises cases but not to off-premises cases. Both also read our opinion in Heck as abolishing public policy as a ground supporting the fireman's rule.

We think that the Johnson court reached the correct result on the facts before it, but incorrectly viewed the fireman's rule as turning solely on premises liability. The officer in Johnson was responding in the line of duty to a problem, if not an emergency, when he attempted to remove the parked car from the bicycle lane. But the cyclist's negligence in hitting the officer was not the event to which the officer was responding, and the driver of the stopped car was not a defendant. As Judge Patrick Sullivan pointed out in dissent, the organizers of the race were the persons in control of the site, and therefore had potential premises liability to the extent negligence in designing the course contributed to the accident. Johnson, 685 N.E.2d at 1125 (Sullivan, J., dissenting). See also Jackson v. Scheible, 902 N.E.2d 807, 810 (Ind. 2009) ("[L]iability arises from actual control over the condition causing the injury"). Johnson thus differed significantly from previous Indiana cases where the fireman's rule was held to bar recovery, in each of which an injury was incurred in the course of responding in the line of duty to a situation caused by the defendant's negligence.

We do not agree that Heck limited the fireman's rule to injuries sustained on the defendant's premises. In Heck the plaintiff was allowed to recover, but not because the injury was not sustained on the defendants' premises. The "positive wrongful acts" that permitted recovery in Heck were the defendant's actions after the paramedic arrived at the scene of the accident, not the defendant's negligence that caused the accident to which the paramedic responded. Heck, 659 N.E.2d at 503. For that reason the rule did not bar recovery. See Sam v. Wesley, 647 N.E.2d 382 (Ind. Ct. App. 1995) (declining to apply the fireman's rule to preclude recovery by a building inspector injured while inspecting a home where the inspection was not a response to an emergency). In sum, previous Indiana cases are consistent in results, if not in reasoning. Each is consistent with the view that an emergency responder may not recover for the negligence that created the situation to which the responder responds, but the rule applies only to emergency responders, and does not bar recovery for negligence unrelated to the creation of the emergency.

5

B.  *The Basis of the Fireman's Rule*

The majority of other jurisdictions follow some form of the fireman's rule, whether adopted as a common law doctrine or dictated by statute.[3]  In <u>Fox v. Hawkins</u>, the Court of Appeals described the fireman's rule as resting on "three distinct, though related, theoretical pedestals:  the law of premises liability, the defense of incurred risk, and public policy."  594 N.E.2d at 495.  We have already noted that some applications of the fireman's rule do not turn on premises liability, and we reaffirm the point previously made in <u>Heck</u> that incurred risk does not support the rule.  To be sure, there is an element of fairness inherent in the rule.  The responder knows there is a fire or other emergency when the responder is summoned.  The dangers inherent in that situation are present and known whether or not the emergency was created by anyone's negligence.  In this respect the fireman's rule is similar to some notions underlying incurred risk doctrine, and some courts have identified incurred risk as a basis of the rule.

As explained below, we think public policy is the basis for the rule, and nothing in the <u>Heck</u> decision suggests otherwise.  In <u>Heck</u> we merely ruled that a plaintiff's occupation as a responder did not serve as a complete bar to tort recovery.  <u>Heck</u>, 659 N.E.2d at 504.  As the Court of Appeals noted in <u>Johnson</u>, our opinion in <u>Heck</u> held that the plaintiffs' occupation was not the sole determining factor in the application of the fireman's rule.  <u>Johnson</u>, 685 N.E.2d at 1119.  But this did not eliminate the third ground—public policy—as a basis for the fireman's rule.  It merely observed that the plaintiff's occupation was a necessary but not a sufficient condition to application of the fireman's rule.  We think the fireman's rule is best understood as reflecting a policy determination that emergency responders should not be able to sue for the negligence that created the emergency to which they respond in their official capacity.  See <u>Potte-</u>

---

[3] <u>See, e.g.</u>, <u>Ruffing v. Ada County Paramedics</u>, 188 P.3d 885 (Idaho 2008) (fireman's rule alive and well in Idaho); <u>Pinter v. American Family Mut. Ins. Co.</u>, 613 N.W.2d 110, 119 (Wis. 2000) (fireman's rule applies to emergency medical technicians (EMTs) and bars claims for negligent conduct which necessitated the EMT's presence and which caused EMT's injury); Mich. Comp. Laws § 600.2967 (West 2000) (codifying the fireman's rule and thus superseding <u>Kreski v. Modern Wholesale Elec. Supply Co.</u>, 415 N.W.2d 178, 180 (Mich. 1987) (Michigan adopts the fireman's rule at common law)); <u>Carson v. Headrick</u>, 900 S.W.2d 685, 690 (Tenn. 1995) ("we are of the opinion that the policemen and firemen's rule constitutes a logical and sound application of the tort principle of duty").  <u>But see</u> <u>Ruiz v. Mero</u>, 917 A.2d 239, 247 (N.J. 2007) (recognizing that New Jersey's common-law fireman's rule was superseded by statute); <u>Christensen v. Murphy</u>, 678 P.2d 1210, 1218 (Or. 1984) (Oregon abolishes the fireman's rule at common law).

baum v. Hinds, 347 N.W.2d 642, 643 (Iowa 1984) ("We determine public policy supports adoption of a narrow rule denying recovery to a firefighter and policeman whenever their injuries are caused by the very wrong that initially required the presence of an officer in his official capacity and subjected him to harm."); Carpenter v. O'Day, 562 A.2d 595, 601 (Del. Super. Ct. 1988) (rejecting common-law premises liability and assumption of risk as foundations for the fireman's rule and resting the rule squarely on public policy grounds).

Many emergencies are caused by the negligence of some party. The public employs firefighters, police officers, and others to respond to emergencies, and these responders knowingly combat the effects of others' negligence. As the Court of Appeals noted in Fox, if responders can sue for the negligence that caused the emergency,

> the poor or underinsured, even though tax dollars go to pay for fire and police protection, might well hesitate to summon public safety officers for fear of being assessed damages. At the same time, public safety officers, fearful of exposure to uncompensated harm, might well spend their time protecting people of means.

594 N.E.2d at 496.

C. *The Fireman's Rule Restated*

In summary, the fireman's rule allows no claim by a professional emergency responder for the negligence that creates the emergency to which he or she responds. As the Court of Appeals has stated, "professionals, whose occupations by nature expose them to particular risks, may not hold another negligent for creating the situation to which they respond in their professional capacity." Koehn, 495 N.E.2d at 215. However, the emergency responder remains free to sue for damages if an injury is caused by negligent or intentional tortious conduct separate and apart from the conduct that contributed to the emergency.

The negligent conduct need not occur after the officer arrives on the scene, but must be separate from and independent of the negligence that caused the situation necessitating the officer's presence. Such a claim will be subject to the provisions of Indiana's Comparative Fault Act. Thus, the automobile driver who negligently causes an accident can call paramedics without fear that they will sue him for causing the accident, but he must behave reasonably once they arrive. Similarly, bar owners may call the police to assist in dealing with an unruly customer, but may

7

not add to the danger faced by the responding officer without exposing themselves to liability. We believe this rule is consistent with the policy underlying the fireman's rule and with the better-reasoned precedents from other states. See W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 61, at 431 (5th ed. 1984) ("[T]he fireman's rule has been held only to apply when the firefighter or police officer is injured from the very danger, created by the defendant's act of negligence, that required his professional assistance and presence at the scene in the first place, and the rule will not shield a defendant from liability for independent acts of misconduct which otherwise cause the injury."); see also Davis v. Pinson, 631 S.E.2d 805 (Ga. Ct. App. 2006) (fireman's rule did not bar suit against negligent driver by policeman escorting a funeral procession); Southland Corp. v. Griffith, 633 A.2d 84 (Md. 1993) (the fireman's rule did not bar a claim by a police officer who was injured attempting to subdue unruly customers and sued a store for the store clerk's negligent failure to call 911 as requested to assist the officer).

## II. Resolution of Lair's Claim

Lair argues that his claim is not one of premises liability and for this reason the fireman's rule does not apply. We do not agree with either the premise or the conclusion of this argument. First, as the Court of Appeals noted, to the extent Babes has any liability grounded solely in failure to control the unruly patron, it is a premises liability claim. Moreover, as already explained, Lair is not correct in asserting that the fireman's rule applies only to claims based on premises liability.

Lair also argues that his claim is not barred by the fireman's rule because Babes violated statutes and an ordinance enacted to protect police officers. Specifically, Lair argues that he can recover from Babes here because Babes allegedly violated a local ordinance prohibiting owners of adult entertainment businesses from allowing customers to commit crimes. He also points out that Indiana's battery statute provides a heightened punishment for battery of a police officer. From these premises, he reasons that violation of the Marion County ordinance is sufficient to take Babes outside the protection afforded by the fireman's rule. Finally, Lair argues that because Babes allegedly violated Indiana's Dram Shop law in serving the underage patron, Ind. Code § 7.1-5-7-8 (2004), he should be able to recover from Babes for his injuries.

8

Violation of a statute or ordinance enacted specifically to protect emergency responders may remove the protection otherwise afforded by the fireman's rule. Woodruff v. Bowen, 136 Ind. 431, 441, 34 N.E. 1113, 1117 (1893). And Lair is correct that the local ordinance targets adult entertainment businesses and holds them responsible for criminal activity that they allow on their premises. Indianapolis/Marion County Rev. Code § 807-302(c) (2009). But this ordinance is not specifically aimed at protecting emergency responders. Rather, its stated purpose is "to regulate adult entertainment businesses . . . to promote the health, safety, morals, and general welfare of the citizens of Marion County." Id. § 807-101 (2009). If every statute or ordinance protecting ordinary citizens was construed to protect emergency responders specifically, the exception to the fireman's rule announced in Woodruff would swallow the rule.

Lair's related argument, that the battery statute's enhanced penalty for assaulting a police officer provides evidence that the statute was enacted with the specific intent of protecting police officers, likewise fails. The statute enhances the criminal penalty for battery if it is committed against a law enforcement officer, whether or not responding to an emergency. I.C. § 35-42-2-1(a)(2) (2004). But an enhanced penalty for all batteries of officers does not suggest any specific purpose to protect police officers responding to emergencies any more than those making arrests or on routine patrols.

We agree with the Court of Appeals that Lair's Dram Shop argument also fails. Lair contends that "under [the Court of Appeals'] holding Detective Lair would be barred from a dram shop claim even if the visibly intoxicated minor Babes served drove his vehicle into Detective Lair while he was on patrol." To the contrary, the fireman's rule as we have expressed it today would not protect Babes in that circumstance.

In sum, Lair's complaint alleged nothing suggesting that Babes was negligent in any respect apart from the negligence that produced the emergent situation with the unruly patron. Without any such allegation, the complaint fails to state a claim against Babes in the face of the fireman's rule. The complaint was therefore properly dismissed for failure to state a claim.

## Conclusion

This case is remanded to the trial court with instructions to dismiss the complaint for failure to state a claim upon which relief can be granted.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.