## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 18 2017, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Robert Jeffers
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew R. Elliott
Deputy Attorney General

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Jeffers,

*Appellant-Petitioner,*

v.

Keith Butts,

*Appellee-Respondent*

May 18, 2017

Court of Appeals Case No.
33A05-1611-MI-2536

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No.
33C02-1608-MI-78

**Altice, Judge.**

## Case Summary

Robert Jeffers, pro se, appeals the dismissal of his petition for writ of habeas corpus relief (habeas petition) in which Jeffers claimed that he had been improperly denied two years of educational credit time for completion of a bachelor degree. With this credit, Jeffers would be entitled to immediate release from prison. The trial court dismissed Jeffers's habeas petition for failure to state a claim pursuant to Indiana Trial Rule 12(b)(6).

We reverse and remand.

## Facts & Procedural History

Jeffers was sentenced to sixty years in the Indiana Department of Correction (DOC) in 1991. He is currently incarcerated in the New Castle Correctional Facility, with a current earliest possible release date of November 16, 2017. *See* Ind. Dep't of Corr., Offender Search, www.in.gov/apps/indcorrection/ofs/ofs (last visited April 27, 2017) (search offender number 912905).

On August 10, 2016, after exhausting his administrative remedies, Jeffers filed the instant habeas petition. Jeffers alleged that his continued detention in the DOC was illegal because he had been denied an award of earned credit time for completion of his bachelor degree through Grace College in 2015 and, with this two-year credit, he should have been released. Jeffers named Keith Butts, the Superintendent of the New Castle Correctional Facility, as the sole respondent. We will refer to the State rather than Butts throughout this decision.

[5]     In support of his habeas petition Jeffers contemporaneously filed a memorandum of law and numerous exhibits. It is in these documents that Jeffers provides the factual basis for his habeas petition. For purposes of this appeal from a T.R. 12(b)(6) dismissal, the State has accepted these alleged facts as true, as do we.

[6]     For more than twenty years, Jeffers has been taking classes through different postsecondary educational institutions while incarcerated in the DOC. In 1995, he began classes through the Ball State University (Ball State) program offered at the Pendleton Correctional Facility. By 1998, he had completed fifty-nine credit hours and was close to earning his associate degree. He did not, however, immediately finish his degree.

[7]     Jeffers was later transferred to the Miami Correctional Facility and completed the remaining six credit hours he needed for his associate degree through Ball State in December 2011. For earning this degree, the DOC awarded Jeffers one year of educational credit. The Ball State program was discontinued at some point thereafter.

[8]     In November 2013, Jeffers enrolled in a correspondence program through Grace College (Grace) at his own expense. He was provided with a list of credit requirements for obtaining his bachelor of science degree. According to Jeffers, Grace accepted and transferred the sixty-five credits he had previously earned through Ball State and applied them toward his bachelor degree. Jeffers

then began his course work through Grace and completed an additional forty-two credits by the end of 2014.

[9] The correspondence program through Grace was put on hold for the 2015 spring semester, as Grace worked out a new contract with the DOC. On June 5, 2015, all enrolled students were provided an outline of new rules and requirements resulting from the renegotiated contract between Grace and the DOC. Of particular import to Jeffers, Grace could no longer accept credits over ten years old. This resulted in Grace refusing to recognize 59 of Jeffers's credits that had been previously transferred from Ball State. After being so informed, Jeffers completed another 15 credit hours toward his bachelor degree. By the end of 2015, Jeffers had earned a total of 122 credit hours *if all credits from Ball State continued to be accepted by Grace*. Thus, according to Jeffers, he had successfully completed the requirements to obtain his bachelor degree.

[10] After his grievances filed with the DOC proved unsuccessful, Jeffers eventually filed this habeas petition. On October 12, 2016, the State filed a motion to dismiss pursuant to T.R. 12(b)(6). The State argued that Jeffers had failed to state a claim upon which relief could be granted "because there is no ex post facto violation". *Appendix* at 83. The trial court summarily granted the State's motion two days later and dismissed the habeas petition. Jeffers now appeals.

### Discussion & Decision

[11] A T.R. 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, rather than the facts supporting it. *Babes Showclub,*

*Jaba, Inc. v. Lair*, 918 N.E.2d 308, 310 (Ind. 2009). We review a trial court's grant of such a motion de novo, viewing the pleadings in the light most favorable to the nonmoving party and construing every reasonable inference in the nonmovant's favor. *Id.* Only where it is clear that the facts alleged in the complaint are insufficient to "support relief under any set of circumstances" is dismissal proper. *Tillman v. Tillman*, 70 N.E.3d 349, 351 (Ind. Ct. App. 2013), *trans. denied*.

[12] It is well established that a trial court may review educational credit time determinations made by the DOC once the offender has exhausted his administrative remedies and failed to obtain the relief sought. *See Burks-Bey v. State,* 903 N.E.2d 1041, 1043 (Ind. Ct. App. 2009). The State does not contend that Jeffers failed to exhaust his administrative remedies. Rather, it argues that the DOC's denial of educational credit based on application of the new contractual terms between the DOC and Grace does not constitute an ex post facto violation as applied to Jeffers.

[13] We agree that Jeffers's ex post facto argument fails as a matter of law because, among other reasons, there was no educational credit time statute in existence until 1993 – at least two years after Jeffers's crimes. *See Budd v. State*, 935 N.E.2d 746, 752 (Ind. Ct. App. 2010), *adhered to on reh'g*, 937 N.E.2d 867. Despite the unavailability of an ex post facto argument, however, it is not clear to us that the facts alleged by Jeffers in support of his habeas petition are insufficient to support relief under any set of circumstances.

Ind. Code § 35-50-6-3.3(a) provides, in pertinent part, that "a person earns educational credit if the person…successfully completes requirements to obtain…[a] bachelor degree from an approved postsecondary educational institution (as defined under IC 21-7-13-6(a)) earned during the person's incarceration."[1]  I.C. § 35-50-6-3.3 does not provide that academic credits more than ten years old cannot be applied toward a bachelor degree.  Nor is such a requirement set out in DOC Executive Directive 15-03, which provides guidance for DOC staff when considering offenders for educational credit time.

Assuming the facts as alleged by Jeffers to be true, he lost fifty-nine credit hours toward his bachelor degree – hours that had already been accepted by Grace and were all earned during his current period of incarceration from approved postsecondary educational institutions – simply due to new contract renegotiations between Grace and the DOC.  Further, according to Jeffers, he has successfully completed the requirements of his bachelor degree if these credits are counted.

The intent behind the educational credit time statute is to enhance rehabilitation by providing an incentive to further one's education while incarcerated.  *McGee v. State*, 790 N.E.2d 1067, 1070 (Ind. Ct. App. 2003), *trans. denied*.  We find no basis in either the language of the statute or its purpose for the DOC, acting through Grace, to void credits already transferred and

---

[1] To be entitled to educational credit time, the person must also be in "credit Class I, Class A, or Class B" and have "demonstrated a pattern consistent with rehabilitation".  I.C. § 35-50-6-3.3(a)(1) and (2).

accepted by Grace toward Jeffers's attainment of a bachelor degree. While we express no opinion in general on the DOC's apparent new policy decision and contract with Grace, we conclude that the DOC may not unilaterally and retroactively void credits that have already been accepted and applied toward an offender's degree. *See id*. ("DOC may not unilaterally deny educational credit time for out-of-state [high school] diplomas" where the policy has no basis in the educational credit time statute or the statute's purpose).

[17] Accordingly, the trial court erred in dismissing Jeffers's habeas petition. On remand, the trial court is directed to send this case to the DOC for a review and determination of whether Grace originally accepted and transferred all of Jeffers's academic credits earned from Ball State. If so, the DOC shall determine further whether *with these credits* Jeffers has completed the requirements for a bachelor degree, as well as the other statutory requirements for earning the educational credit.

[18] Reversed and remanded.

Riley, J., concur.

Crone, J., concur in result without opinion.