

IN THE

# Court of Appeals of Indiana

Connie Davis-Brumley, as Mother of Decedent,

*Appellant-Plaintiff,*

v.

Fair Oaks Farms, LLC; Fair Oaks Hospitality, LLC, and Farmhouse Restaurant, LLC,

*Appellants-Defendants.*



FILED

Feb 29 2024, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

February 29, 2024

Court of Appeals Case No.
23A-CT-1610

Appeal from the Lake Superior Court

The Honorable Rehana R. Adat-Lopez, Judge

Trial Court Cause No.
45D10-2210-CT-982

**Opinion by Judge Tavitas**
Judges Mathias and Weissmann concur.

**Tavitas, Judge.**

## Case Summary

[1] Connie Davis-Brumley filed a wrongful death action against Fair Oaks Farms, LLC; Fair Oaks Hospitality, LLC; Farmhouse Restaurant, LLC (collectively "Fair Oaks"); and Samantha Kunkel (all collectively "Defendants") based on the death of her son, Justin M. Davis ("Justin"). Davis-Brumley originally filed the action as natural mother of Justin, and she petitioned the probate court to be appointed as special administratrix of Justin's estate ("the Estate") the same day that she filed her wrongful death complaint. The next day, one day after the two-year period for the filing of the wrongful death action elapsed, the probate court granted Davis-Brumley's petition to be appointed as special administratrix. Thereafter, in the wrongful death action, Davis-Brumley filed a motion to substitute the Estate as plaintiff. Fair Oaks then filed a motion to dismiss the complaint on the grounds that the wrongful death action was not brought by the personal representative of the Estate within the statutory two-year filing period of the Wrongful Death Act.

[2] The trial court entered an order granting the motion to dismiss and denying the motion to substitute. Davis-Brumley appeals and argues: (1) the wrongful death action was timely filed because Davis-Brumley petitioned to be appointed as special administratrix of the Estate within the two-year filing period, and therefore, the trial court erred by granting the motion to dismiss; and (2) the trial court erred by denying the motion to substitute because the trial court's

ruling thereon was based on its allegedly erroneous ruling on the motion to dismiss. We are not persuaded by these arguments. Accordingly, we affirm.

## Issue

[3] Davis-Brumley raises two issues on appeal, which we consolidate and restate as whether Davis-Brumley's wrongful death action was timely filed when she petitioned to be appointed as special administratrix of the Estate within the two-year filing period of the Wrongful Death Act but the petition was not granted until after that period elapsed.

## Facts

[4] On October 3, 2020, Justin was involved in an automobile accident with Kunkel in Lake County. Justin died as a result of the accident, and Kunkel was seriously injured. In June 2021, a supervised estate was opened for the limited purpose of accepting service of Kunkel's claims against the Estate, and an employee of Kunkel's attorney was named as the special administratrix at that time. Kunkel then filed a personal injury lawsuit against the Estate and Fair Oaks.

[5] On October 3, 2022, Davis-Brumley filed a wrongful death action against Defendants "as natural mother of" Justin. Appellant's App. Vol. II p. 11. According to the complaint, on October 3, 2020, Justin was a "visitor, customer, and/or business invitee" of Fair Oaks, and Fair Oaks "knew or should have known that [Justin] was intoxicated, furnished him alcoholic

beverages, and allowed him to operate a motor vehicle leaving the premises." *Id*. at 12-13. The complaint alleged that Fair Oaks's conduct caused Justin to be involved in the accident with Kunkel later that evening.[1]

[6] On the same day that Davis-Brumley filed her wrongful death action, she filed a petition in the probate court seeking to be appointed as special administratrix of the Estate and seeking leave to pursue the wrongful death action in the Estate's name. The next day, October 4, 2022, the probate court granted Davis-Brumley's petition.

[7] On October 23, 2022, Davis-Brumley filed a motion to substitute the Estate for Davis-Brumley as the plaintiff in the wrongful death action. Then, on December 13, 2022, Fair Oaks filed a motion to dismiss the wrongful death complaint for failure to state a claim pursuant to Trial Rule 12(B)(6).[2] Fair Oaks argued that the complaint failed to state a claim because Davis-Brumley did not obtain status as special administratrix of the Estate until October 4, 2022; and thus, pursuant to the Wrongful Death Act, the complaint was not

---

[1] The complaint also alleged a count of negligence against Kunkel, which Davis-Brumley later moved to dismiss.

[2] Fair Oaks previously filed a motion to dismiss on December 8, 2022; however, that motion was dismissed for failure to comply with the local rule requiring the separate filing of supporting briefs.

brought by the "personal representative" of the Estate within two years of Justin's death. *Id*. at 34.

[8] Davis-Brumley objected to the motion and argued that the wrongful death action was timely filed because her appointment as special administratrix "relate[s] back" to the date that she petitioned for this status, October 3, 2022. *Id*. at 58. Fair Oaks filed a reply and argued that the relation-back doctrine was inapplicable.

[9] The trial court held a hearing on the motion to dismiss and motion to substitute on May 25, 2023. After taking the matter under advisement, the trial court, on June 14, 2023, issued an order granting the motion to dismiss and denying the motion to substitute. Davis-Brumley now appeals.

## Discussion and Decision

[10] Davis-Brumley argues that the trial court erred by: (1) dismissing the wrongful death complaint; and (2) denying the motion to substitute. We conclude that Davis-Brumley has not carried her burden of persuasion.

[11] Our standard of review regarding a motion to dismiss is as follows:

> "A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it." *Babes Showclub, Jaba, Inc. v. Lair*, 918 N.E.2d 308, 310 (Ind. 2009). Review of a trial court's grant or denial of a motion based on a Trial Rule 12(B)(6) motion to dismiss is therefore de novo. *Id.* When reviewing a motion to dismiss, we view the

> pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. *Id.* In ruling on such a motion to dismiss, a court is required to take as true all allegations upon the face of the complaint and may only dismiss if the plaintiff would not be entitled to recover under any set of facts admissible under the allegations of the complaint. *Meyers v. Meyers*, 861 N.E.2d 704, 705 (Ind. 2007).

*Parsley v. MGA Fam. Grp., Inc.*, 103 N.E.3d 651, 654 (Ind. Ct. App. 2018), *reh'g denied*.

[12] The Wrongful Death Act provides, in relevant part: "[W]hen the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years." Ind. Code § 34-23-1-1. Two aspects of this statute are critical in the case before us. The first aspect is rather straightforward: "the only proper plaintiff" in an action under the Wrongful Death Act is the "personal representative" of the decedent. *Robertson v. Gene B. Glick Co., Inc.*, 960 N.E.2d 179, 184 (Ind. Ct. App. 2011) (citing *Gen. Motors Corp. v. Arnett*, 418 N.E.2d 546, 548 (Ind. Ct. App. 1981)), *trans. denied*. "'A special administratrix is a type of personal representative who is appointed for a special purpose with limited powers and duties.'" *In re Estate of Hutman*, 705 N.E.2d 1060, 1063 (Ind. Ct. App. 1999) (citing *Pope ex rel. Smith v. Pope*, 701 N.E.2d 587, 589 (Ind. Ct. App. 1998)). A special administratrix may pursue a wrongful death action if appointed for that purpose. *Id*. at 1064 (citing *Pope ex rel. Smith v. Pope*, 701 N.E.2d 587, 590 (Ind. Ct. App. 1998)); *see also* Ind. Code § 29-1-10-15(a)(5)

(authorizing the appointment of a special administrator to pursue "damages for a decedent's wrongful death").

[13] The second relevant aspect of the Wrongful Death Act concerns the time frame in which to bring an action thereunder. The action must be brought by the personal representative of the decedent's estate within the prescribed two-year filing period, otherwise "'no enforceable right of action is created.'" *Brugh v. Milestone Contractors, LP*, 202 N.E.3d 1091, 1095 (Ind. Ct. App. 2023) (quoting *Blackford v. Welborn Clinic*, 172 N.E.3d 1219, 1224 (Ind. 2021)), *trans. denied*. This is because the Wrongful Death Act is a "non-claim statute," as the right to bring a wrongful death action is "purely statutory" and did not exist under the common law. *Id.* (citing *Blackford*, 172 N.E.3d at 1224; *Arnett*, 418 N.E.2d at 548).

[14] Unlike statutes of limitation, which "'create defenses that must be pleaded and may be waived,' a non-claim statute is self-executing and 'imposes a condition precedent to the enforcement of a right of action.'" *Id.* (quoting *Blackford*, 172 N.E.3d at 1224). Because filing within the statutory period is a condition precedent to the enforcement of a non-claim statute, "'[n]on-claim statutes generally are not subject to equitable exceptions.'" *Id.* (quoting *Blackford*, 172 N.E.3d at 1224) (brackets in original); *see also Mann v. Arnos*, 186 N.E.3d 105, 116 n.5 (Ind. Ct. App. 2022) ("A 'nonclaim statute creates a right of action if commenced within the statutory period, whereas a statute of limitation creates a defense to an action brought after the expiration of the statutory period.'"

(quoting *Biedron v. Anonymous Physician 1*, 106 N.E.3d 1079, 1089 n.6 (Ind. Ct. App. 2018), *trans. denied*)), *trans. denied*.

[15] Here, Davis-Brumley did not file her wrongful death action as special administratrix of the Estate within the Wrongful Death Act's two-year filing period. Although Davis-Brumley filed the wrongful death action on October 3, 2022, two years to the day after Justin's death, Davis-Brumley was not the special administratrix of the Estate at the time. Davis-Brumley did petition to be appointed as special administratrix of the Estate on the same day that she filed the wrongful death action; however, the probate court did not grant that petition until the following day, October 4, 2022, which was after the filing period elapsed. Davis-Brumley then filed a motion to substitute the Estate for Davis-Brumley as the plaintiff in the wrongful death action on October 23, 2022. On June 14, 2023, the trial court entered its order dismissing the wrongful death complaint and denying the motion to substitute.

[16] Davis-Brumley argues that she timely filed the wrongful death action because she petitioned to be appointed as special administratrix within the two-year filing period, regardless of when that petition was ultimately granted. Our cases do not appear to have addressed this exact argument. We have, however, emphasized that, if the person filing the wrongful death action is not the personal representative of the decedent's estate, the person must obtain "the legal status of personal representative . . . within the two-year timeframe" for the claim to be actionable. *Brugh*, 202 N.E.3d at 1097 (citing *Rogers v. Grunden*, 589 N.E.2d 248 (Ind. Ct. App. 1992, *trans. denied*); *Faris v. AC and S., Inc.*, 842

N.E.2d 870 (Ind. Ct. App. 2006), *reh'g denied*). Davis-Brumley did not do so here.

[17] We addressed an argument similar to Davis-Brumley's in *General Motors Corporation v. Arnett*, 418 N.E.2d 546 (Ind. Ct. App. 1981). In *Arnett*, the decedent's wife filed an action under the Wrongful Death Act within two years of the decedent's death; however, the wife did not obtain status as personal representative of the decedent's estate until four months after the filing period elapsed. 418 N.E.2d at 547-48. The trial court, accordingly, dismissed the complaint. *Id.*

[18] On appeal, the wife argued, in part, that Trial Rule 15(C)[3] "allow[ed] her belated appointment as personal representative to relate back to the date on which she filed her complaint." *Id.* at 548. A panel of this Court first stated that Trial Rule 15(C) did not apply because the wife did not amend her complaint, "rather it was her legal status which was altered." *Id.* at 548. The Court further declined to exercise equity and apply the "rationale" of Trial Rule

---

[3] Trial Rule 15(C) provides, in relevant part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

15(C) to allow the "appointment [as personal representative] itself [to] relate back" because the Wrongful Death Act's two-year filing period is a "condition precedent" to the right to an action thereunder and not merely a statute of limitation. *Id.* Accordingly, this Court affirmed the dismissal of the complaint. *Id.*; *see also Hosler ex rel. Hosler v. Caterpillar, Inc.*, 710 N.E.2d 193, 197-98 (Ind. Ct. App. 1999) (following *Arnett* and holding that Trial Rule 15(C) "may not be used to save [a] wrongful death claim from dismissal" when the plaintiff fails to timely file the action as personal representative of the decedent's estate), *trans. denied*.

[19] Davis-Brumley, however, relies on *Magic Circle v. Schoolcraft*, 4 N.E.3d 768 (Ind. Ct. App. 2014), *aff'd sub nom*, *Camoplast Crocker, LLC v. Schoolcraft*, 12 N.E.3d 251 (Ind. 2014), which we find distinguishable. In that case, the personal representative timely filed a wrongful death action and, before the filing period elapsed, moved to amend the complaint to add new defendants. *Magic Circle*, 4 N.E.3d at 769. The trial court, however, did not grant the motion until after the filing period elapsed, and the new defendants subsequently moved to dismiss the claims against them as untimely. *Id.* On appeal, a panel of this Court held that the claims were timely filed under Trial Rule 15(C) because the date that the motion to amend was filed was the controlling date rather than the date of the trial court's ruling thereon. *Id.* at 771-72.

[20] Davis-Brumley argues that we should expand our holding in *Magic Circle* to hold that the wrongful death action was timely filed because she petitioned to be appointed as special administratrix of the Estate before the Wrongful Death

Act's filing period elapsed.  For the reasons articulated in *Arnett*, we decline to extend *Magic Circle* here.  *Magic Circle* concerned Trial Rule 15(C), which is inapplicable here because Davis-Brumley seeks to relate back her legal status as special administratrix, not her underlying claims.  Furthermore, the Wrongful Death Act's filing period cannot be tolled in the equitable spirit of Trial Rule 15(C) because the two-year filing period is a "condition precedent" to an action under the Act.  *Brugh*, 202 N.E.3d at 1095.  And, although Davis-Brumley seeks to have her status as special administratrix relate back to the date that she petitioned for this status rather than the date that she filed her complaint, that distinction makes little difference based on the principles *Arnett* announced.  *See id.* ("Non-claim statutes generally are not subject to equitable exceptions." (quotation omitted)).

[21] Davis-Brumley cites no other authority which would permit her status as special administratrix to relate back to an earlier date.  She also does not argue that any of the recognized tolling exceptions to the Wrongful Death Act's two-year filing period apply.  *See, e.g.*, *Alldredge v. Good Samaritan Home, Inc.*, 9 N.E.3d 1257, 1264-65 (Ind. 2014) (fraudulent concealment); *Brugh*, 202 N.E.3d at 1097-98 (Covid-19 tolling orders).

[22] We are, therefore, constrained to follow the general rule that the two-year filing period for an action under the Wrongful Death Act cannot be tolled.  Because Davis-Brumley did not file her wrongful death action as special administratrix or personal representative of the Estate within two years of Justin's death, her complaint fails to state a claim upon which relief can be granted.  Accordingly,

the trial court did not err by dismissing the wrongful death complaint or by denying the motion to substitute the Estate as the plaintiff in the action.

## Conclusion

[23] The trial court did not err by dismissing the wrongful death complaint, nor did it err by denying the motion to substitute. Accordingly, we affirm the judgment of the trial court.

[24] Affirmed.

Mathias, J., and Weissmann, J., concur.

ATTORNEY FOR APPELLANT

Arman G. Sarkisian
Sarkisian, Sarkisian, & Associates, P.C.
Portage, Indiana

ATTORNEY FOR APPELLEE

Philip F. Cuevas
Litchfield Cavo LLP
Chicago, Illinois