


FILED

Jul 02 2024, 9:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N T H E

# Indiana Supreme Court

Supreme Court Case No. 24S-CT-225

## Richard Dolsen, Jr.,
*Appellant,*

–v–

## VeoRide, Inc., and Sweet Real Estate – City Center, LLC,
*Appellees.*

---

Argued: April 25, 2024 | Decided: July 2, 2024

Appeal from the Allen Superior Court
No. 02D03-2203-CT-103
The Honorable Jennifer DeGroote, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 23A-CT-945

---

**Opinion by Justice Slaughter**

Chief Justice Rush and Justices Massa, Goff, and Molter concur.

**Slaughter, Justice.**

Our traditional "fireman's rule" limited a firefighter's tort recovery for injuries sustained when responding to a fire. The rule's origin is a premises-liability case that held a landowner's only duty to a firefighter who enters the premises to combat a fire is to refrain from positive wrongful acts. *Woodruff v. Bowen*, 34 N.E. 1113 (Ind. 1893). After *Woodruff*, the rule expanded and evolved over more than a hundred years into our most recent iteration in *Babes Showclub, Jaba, Inc. v. Lair*, 918 N.E.2d 308 (Ind. 2009). There, we held that first responders—firefighters and others—cannot recover damages based on the negligence that caused the emergency to which they responded. Today, we hold that the firefighter's rule from *Woodruff* and the expanded first-responder's rule from *Babes* are two separate doctrines: the former applies only to firefighters and prescribes the duty owed for a premises-liability claim arising when a firefighter enters premises to extinguish a fire; the latter limits the duty owed to all first responders during an emergency.

This case implicates both doctrines because the plaintiff, Richard Dolsen, Jr., is a professional firefighter who was injured when responding to a fire. The first-responder's rule from *Babes* does not bar his claim: Dolsen does not allege that the negligence that caused his injuries also caused the fire to which he was responding. As for the firefighter's rule from *Woodruff*, disputed factual issues remain on whether defendant VeoRide, Inc., breached its duty to Dolsen, a licensee on its premises. We grant transfer and reverse and remand.

## I

### A

In June 2020, a fire broke out at a warehouse in Fort Wayne, Indiana. Captain Richard Dolsen of the Fort Wayne Fire Department arrived at the scene within minutes of getting the call. Upon entering the warehouse, Dolsen could not see because the building was dark and filled with smoke. As he moved through the building, Dolsen pressed his hands along the outer-wall perimeter to look for a ventilation opening or an electrical breaker box. Next to a stairwell, he extended his arm to press

against the wall "but contacted nothing but air". He fell through an opening above a basement stairwell, dropped about six feet, and injured his neck and right arm.

Before he entered the warehouse, Dolsen did not know the inside was unfinished. An incomplete "wall" above the stairwell was framed with two-by-four wooden studs but no drywall. And one of the studs was missing, leaving the wide opening that Dolsen fell through. The warehouse had no natural light on the first floor. The building's only window was on the second floor behind a door. Thus, the first floor was dark, even during the day, unless the lights were on.

From Dolsen's experience fighting fires at other commercial buildings, he expected a building's owner or tenant to warn him of any dangers inside. Defendant Sweet Real Estate – City Center, LLC, owned the building and leased it to VeoRide, Inc., which stored electric scooters and other parts and equipment on the premises. A scooter battery started the fire.

Even before the fire, Sweet and VeoRide knew of the opening in the wall above the stairwell. VeoRide's employees worked daily around the wall opening with no incident. Both companies also knew the building was dark when the lights were off. Yet when they learned of the fire, no one from Sweet or VeoRide warned the fire department or dispatch about potential hazards in the warehouse. Thus, when Dolsen entered the building, he did not know he would find only air when he reached for a wall above the stairwell.

Dolsen required treatment for his injuries, including surgery to his neck and right arm. He was unable to return to full duty because of "permanent deficits". In 2022 the pension board found he had a "Class 1 impairment", meaning his impairment occurred while he was on duty and left him permanently or temporarily unable to perform the essential function of his firefighter duties. Ind. Code §§ 36-8-8-12.3(b), 36-8-8-12.5(b)(1). He is no longer with the fire department.

B

Dolsen sued VeoRide and Sweet and alleged, as relevant here, they were negligent in failing to fix a portion of the wall and in failing to warn the fire department of the wall opening. Both defendants moved for summary judgment, arguing that Dolsen's claims are barred under the firefighter's rule. Sweet also argued it was not liable because its tenant, VeoRide, had full possession and control of the building.

The trial court granted both motions and held that the firefighter's rule bars Dolsen's claims. The court found that the defendants owed no duty to Dolsen because they did not violate a statute meant to protect firefighters; they did not act willfully or wantonly; and they did not know the wall opening was dangerous. The trial court did not address Sweet's argument that it did not control the building.

Dolsen appealed but challenged the trial court's ruling only as to VeoRide, thus leaving intact the judgment for Sweet. The court of appeals reversed and remanded for further proceedings. *Dolsen v. VeoRide, Inc.*, 220 N.E.3d 563 (Ind. Ct. App. 2023). It held that the firefighter's rule does not bar Dolsen's claim against VeoRide because failing to warn of the wall opening "is separate from and independent of the negligence that caused the situation necessitating Dolsen's presence in VeoRide's building." *Id.* at 567. The panel also held that issues of fact remained on whether VeoRide breached a duty owed to Dolsen as a licensee on its premises. *Id.* at 569.

VeoRide then sought transfer, which we now grant, thus vacating the appellate opinion, Ind. Appellate Rule 58(A).

II

Indiana caselaw often conflates our firefighter's rule from *Woodruff*, 34 N.E. 1113, with our first-responder's rule from *Babes*, 918 N.E.2d 308, into one umbrella "fireman's rule". But the history of each rule shows the firefighter's and first-responder's rules are separate doctrines. Our first-responder's rule limits liability to all first responders—firefighters and others—who respond to emergencies. *Babes*, 918 N.E.2d at 309. In contrast, the original rule from *Woodruff* treats firefighters—and only firefighters—as licensees owed certain duties when they enter property to fight fires. 34

N.E. at 1116. We hold that these rules apply separately because they serve distinct functions.

To win at trial on his premises-liability claim, Dolsen must prove a duty, a breach of that duty, and resulting harm. *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011). The *Babes* first-responder's rule does not bar Dolsen's claim. His claim is that VeoRide was negligent both in not fixing and in not notifying Dolsen of the wall opening on its premises, which he alleges caused his injury. But the cause of his injury (the fall) is unrelated to the cause of the fire (the battery), which is why Dolsen went to the premises in the first place. Under *Woodruff*, VeoRide owed Dolsen a duty as a licensee, but issues of fact remain on whether VeoRide breached this duty. Thus, we reverse the trial court's entry of summary judgment for VeoRide and remand for further proceedings.

## A

To understand our traditional "fireman's rule", we must retrace our steps to 1893. Before the turn of the last century, we established the first iteration of our firefighter's rule in a premises-liability case. *Woodruff*, 34 N.E. 1113. There, we held that firefighters are licensees when they enter premises to fight fires because public necessity gives firefighters license to enter burning property. *Id.* at 1116. Even without express invitation or permission, firefighters must be able to enter property to extinguish a fire so the fire does not spread and engulf an entire neighborhood or community. *Ibid.* This rule, which was specific to firefighters, was known as the fireman's rule.

Our court of appeals later expanded *Woodruff*'s rule beyond the firefighter and premises-liability context. See, e.g., *Fox v. Hawkins*, 594 N.E.2d 493 (Ind. Ct. App. 1992). Under this line of cases, first-responder "professionals, whose occupations by nature expose them to particular risks, may not hold another negligent for creating the situation to which they respond in their official capacity." *Id.* at 495 (quoting *Koehn v. Devereaux*, 495 N.E.2d 211, 215 (Ind. Ct. App. 1986)). The appellate court took this route so the same duty would apply to all negligence claims against all emergency professionals—and not just premises-liability claims

against firefighters. *Id.* at 497. Because this rule applies to all first responders, we refer to this rule as the first-responder's rule.

We implicitly adopted the first-responder's rule in *Heck v. Robey* when examining the rescue doctrine. 659 N.E.2d 498 (Ind. 1995). Under the rescue doctrine, someone needing to be rescued due to his own negligence may be liable for injuries to his rescuer. *Id.* at 501. This duty stems from two sources: the rescuee's tacit request to be rescued after placing himself in danger and the public policy of encouraging such humanitarian acts. *Id.* at 502. On its face, the rescue doctrine would mean persons requiring emergency services owe a duty of care to all first responders. See *id.* at 501. But we held the rescue doctrine applies only to non-professional, spur-of-the-moment rescuers who act voluntarily to help someone in need, not to those whose employment obliges them to respond when called. *Id.* at 502. Thus, a rescuee owes no duty to a first responder for negligence causing the emergency itself. By thus limiting the rescue doctrine, we created the first-responder's rule.

We last analyzed the firefighter's rule in *Babes*, 918 N.E.2d 308. There, we expressly adopted the appellate court's first-responder's rule, holding that the rule "bars recovery by a professional emergency responder for the negligence that created the situation requiring the response." *Id.* at 309. We rooted this rule in public policy and rejected any basis in the doctrines of premises liability or incurred risk. *Id.* at 313.

This history shows two distinct doctrines: one applying premises-liability principles to firefighters; the other applying rescue-doctrine principles to first responders. One derives from the other, but the two remain distinct in purpose and function. The *Woodruff* firefighter's rule defines the duty owed to firefighters in premises-liability claims when they enter premises to fight fires. 34 N.E. at 1116–17. The *Babes* first-responder's rule limits the duty owed to all emergency professionals responding to emergencies. 918 N.E.2d at 313–14. For reasons of public policy, these professionals should not recover tort damages for injuries they sustain while performing their public duties, including injuries from "knowingly combat[ting] the effects of others' negligence." *Id.* at 313.

When, as here, both rules are implicated, we ask first whether the plaintiff seeks to recover for the negligence that caused the emergency—for the negligence, in other words, that brought the plaintiff to the emergency. If so, the first-responder's rule bars the plaintiff's claim, and we stop there. But if that is not the basis for the plaintiff's claim, we assess the claim under *Woodruff*, treating the firefighter as a licensee. Having defined these two rules, we next apply them to Dolsen's claim.

B

As we held in *Babes*, the first-responder's rule "bars recovery by a professional emergency responder for the negligence that created the situation requiring the response." *Id.* at 309. Only negligence "separate from and independent of the negligence that caused the situation necessitating the officer's presence" can be the basis for liability. *Id.* at 314. Dolsen's claim survives because the alleged negligence concerning the wall opening above the stairwell is distinct from the negligence that caused the emergency to which Dolsen was responding, namely, the negligent handling of a scooter battery.

The only disputed claim on summary judgment is Dolsen's premises-liability claim. This claim alleges that VeoRide was negligent in not fixing the opening in the wall above the stairwell and in not warning the firefighters of the wall opening during the fire. The wall opening is a condition of the premises and is unrelated to the fire or its cause. VeoRide contends that the claim is nonetheless related to the emergency because smoke from the fire contributed to Dolsen falling through the opening. In Dolsen's complaint and affidavit, he states that he could not see the opening because of smoke and darkness. While the smoke may have partially caused Dolsen's injuries, this does not mean the first-responder's rule bars his claim. Whether the emergency was a contributory cause of his injuries is irrelevant because the key question is whether the alleged negligence caused the emergency.

Under the first-responder's rule, we look to the act (or omission) the plaintiff claims was negligent and do not consider whether the emergency contributed to the injury's cause. For example, in *Heck*, the plaintiff

worked with a fellow paramedic to extract the defendant from an overturned truck. 659 N.E.2d at 500. The paramedics placed the defendant on a spine board to transport him, but he became combative. *Ibid.* The plaintiff alleged the combative conduct caused him back injuries when he lifted the defendant and took him to the ambulance. *Ibid.* We held the first-responder's rule did not apply because the plaintiff sought recovery for the combative conduct, which occurred after the paramedics arrived. *Id.* at 503. It did not matter that the emergency that prompted the response was a cause of the plaintiff's injuries: but for the car accident, the plaintiff would not have injured his back lifting the defendant. See *ibid.* The plaintiff could still recover to the extent the defendant's combative conduct "ma[de] extrication more dangerous." *Ibid.*

We bar a first-responder's claim when the alleged negligence causes the emergency. In *Babes*, a police officer responded to a report of an unruly patron at a club. 918 N.E.2d at 309. The patron assaulted the officer, and the officer filed a claim against the club for failing to provide adequate security. *Id.* at 309–10. In holding the claim was barred, we explained that the officer's "complaint alleged nothing suggesting that [the club] was negligent in any respect apart from the negligence that produced the emergent situation with the unruly patron." *Id.* at 315. We considered only the alleged negligent conduct, not possible causes of the officer's injury.

The first-responder's rule does not apply here because Dolsen is not seeking to recover for the negligent conduct that started the emergency. Dolsen does not claim he was injured because of VeoRide's negligent handling of one of its scooter batteries. Thus, he is not foreclosed from recovery even if VeoRide did not negligently cause the fire. Dolsen's allegations are like the plaintiff's in *Heck*, 659 N.E.2d at 503. He alleges that VeoRide's negligence concerning the wall opening made moving through the building "more dangerous". *Ibid.*

While Dolsen cannot recover for the negligence that caused the fire, the smoke blocking Dolsen's vision does not bar his claim outright, as VeoRide argues. "Where two causes proximately lead to an injury, one of which is attributable to negligence while the other is not, a party will be liable to the extent of his negligent act." *Koroniotis v. LaPorte Transit, Inc.*,

397 N.E.2d 656, 659 (Ind. Ct. App. 1979). So long as the ultimate injury is the "natural and probable consequence" of the defendant's negligence, the defendant is liable. *Havert v. Caldwell*, 452 N.E.2d 154, 158 (Ind. 1983). Because VeoRide owed no duty to Dolsen to prevent the fire, and thus could not be negligent for causing the fire, Dolsen cannot recover for injuries caused by the fire itself. But Dolsen can still recover for injuries caused by VeoRide's negligence as to the wall if a jury finds Dolsen's injuries were the natural and probable consequence of VeoRide's failure to fix the wall or to warn Dolsen of the wall opening.

Since the first-responder's rule does not bar Dolsen's claim, we address next whether an issue of fact remains on Dolsen's premises-liability claim under *Woodruff*.

C

Dolsen's premises-liability claim is subject to the firefighter's rule: he was a professional firefighter who entered VeoRide's warehouse to fight a fire. *Woodruff*, 34 N.E. at 1116. Under this rule, Dolsen is a licensee, see *ibid.*, and thus VeoRide owed him a duty to refrain from "willfully or wantonly injuring him or acting in a manner to increase his peril", *Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991). VeoRide "also ha[d] a duty to warn [him] of any latent danger on the premises of which [VeoRide] ha[d] knowledge." *Ibid.* A statute can create a duty to a licensee, but against firefighters, a landowner need only comply with statutes or ordinances designed to protect firefighters. *Woodruff*, 34 N.E. at 1117. Lastly, VeoRide did not have a duty to anticipate extraordinary events and make its premises safe for firefighting purposes. *Id.* at 1117–18.

Dolsen argues VeoRide breached its duty to him by (1) willfully or wantonly acting in a manner to increase his peril by not guarding or fixing the wall opening and (2) failing to warn him of the wall opening's latent danger. We find lingering fact issues as to both arguments:

- whether the potential danger of a wall opening above the staircase was obvious to VeoRide, making its failure to fix the wall a willful or wanton act, and

- whether VeoRide should have known the danger was hidden from Dolsen if the building was filled with smoke and the lights were out, which would have obliged VeoRide to warn Dolsen.

To show a defendant engaged in willful or wanton conduct, a plaintiff must prove the defendant knew of a particular risk to the plaintiff and disregarded that risk. *Witham v. Norfolk & W. Ry. Co.*, 561 N.E.2d 484, 486 (Ind. 1990). Here, Dolsen argues the wall opening "was a patent hazard that should have been obvious to any reasonable person". A representative of Sweet Real Estate admitted she "could see where it could be a danger." VeoRide counters that it relied on Sweet to make the premises safe under the applicable building codes, and that its employees often worked near the wall opening without incident. With no knowledge of a code violation and no prior injuries from the wall opening, VeoRide argues it did not know of the potential danger it posed to Dolsen.

These two perspectives show a factual dispute on whether VeoRide knew the wall opening would present a danger to a licensee entering the building. Some evidence suggests VeoRide must have known the wall opening near the stairwell could injure someone because the danger was obvious. If VeoRide knew of the potential danger, it had a duty to fix it. In contrast, the lack of prior injuries or knowledge of a code violation could mean VeoRide did not know the wall opening was dangerous to Dolsen. In that case, VeoRide did not breach its duty by failing to fix the wall. A jury must sort through these conflicting claims to decide whether VeoRide breached any duty. For this reason alone, the trial court erred in entering summary judgment for VeoRide.

As for the duty to warn, VeoRide needed to warn of any "latent" dangers on the premises of which it was aware. *Burrell*, 569 N.E.2d at 639. "Latent is defined as concealed or dormant." *Rhoades v. Heritage Invs., LLC*, 839 N.E.2d 788, 794 (Ind. Ct. App. 2005). Dolsen admits the wall opening and its danger are obvious when the lights are on and thus not latent. But Dolsen claims he could not see the opening due to smoke and darkness. An issue remains whether VeoRide knew the wall opening was a danger to Dolsen when smoke obscured his vision and the lights were off, making the first floor completely dark. The record does not tell us why the lights

were off when Dolsen entered the building; whether VeoRide knew the lights were off; and whether Dolsen could have seen the wall opening through darkness and smoke by, say, using a flashlight. Thus, a factual dispute remains on whether the wall opening was a latent danger when the lights were off and smoke filled the building, creating a duty to warn. On this ground, too, summary judgment for VeoRide was improper.

* * *

For these reasons, we reverse the trial court's entry of summary judgment for VeoRide and remand for further proceedings consistent with our opinion.

Rush, C.J., and Massa, Goff, and Molter, JJ., concur.

ATTORNEY FOR APPELLANT RICHARD DOLSEN, JR.
Thomas A. Manges
Manges Law Firm
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE VEORIDE, INC.
Lucy R. Dollens
Quarles & Brady LLP
Indianapolis, Indiana

Kathleen K. Curtis
Nilan Johnson Lewis PA
Minneapolis, Minnesota

ATTORNEYS FOR APPELLEE SWEET REAL ESTATE – CITY CENTER, LLC
Crystal G. Rowe
Kightlinger & Gray, LLP
New Albany, Indiana

Marie Alexander Kuck
Kightlinger & Gray, LLP
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE DEFENSE TRIAL COUNSEL OF
INDIANA
Daniel R. Kelley
McKenzie E. Hutchinson
Johnson T. Gordon
Dinsmore & Shohl LLP
Indianapolis, Indiana

Jenny R. Buchheit
Ice Miller LLP
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE INDIANA TRIAL LAWYERS
ASSOCIATION
Daniel S. Chamberlain
Conner R. Dickerson
Cohen & Malad, LLP
Indianapolis, Indiana